1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN HICKEY,                                No.  2:13-cv-2627 KJN P

12                  Petitioner,

13           v.                                    ORDER TO SHOW CAUSE

14    UNKNOWN,

15                  Respondent.

16

17           Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

19           Examination of the affidavit reveals petitioner is unable to afford the costs of this action.

20    Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

21           Petitioner was convicted on three counts of assault with a firearm upon peace officers with

22    enhancements for personal discharge of a firearm, two counts of resisting a peace officer,

23    exhibiting a firearm in the presence of a peace officer, and two counts of child endangerment.

24    People v. Hickey, 2013 WL 3968350 (Cal. App. 3 Dist. 2013).  Petitioner was sentenced to an

25    aggregate term of 49 years and 4 months in state prison.  Id.  The instant petition was completed

26    by an inmate who was assisting petitioner.  (ECF No. 1.)  The inmate claims that petitioner is

27    unable to read and comprehend text on a sixth grade level, and is in the prison's mental health

28    program, Correctional Clinical Case Management System.  (ECF No. 3 at 1.)  The inmate

provided petitioner's TAB reading test score, which reflects petitioner has a 5.9 reading level. (ECF No. 3 at 6.)

However, the petition does not specify the grounds for relief.  See Rule 2(c), Rules Governing § 2254 Cases.  Moreover, although the petition states that petitioner's conviction was affirmed by the California Supreme Court, the petition also states that petitioner has a petition or appeal pending in a court, but does not identify that court.  In addition, in the accompanying request for appointment of counsel, petitioner claims he wishes to pursue his "right to petition for cert[iorari] in the California Supreme Court, and does then need help on each judicial level, rather [sic] it's the federal circuit or the lower court."  (ECF No. 3 at 2.)  The nature of the proceeding that is pending in state court, if any, is unclear from petitioner's filings.

Petitioner's appeal was affirmed by the Court of Appeal for the Third District of California on July 31, 2013.  People v. Hickey, 2013 WL 3968350 (Cal. App. 3 Dist. 2013). However, the website for the California Supreme Court does not reflect that petitioner has filed an appeal of his criminal conviction or a petition for writ of habeas corpus in the California Supreme Court.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner is advised that he cannot pursue federal habeas relief until he has completed exhaustion of his state court remedies.  Thus, if petitioner intends to pursue his criminal appeal by ////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2

1    filing a petition for review in the California Supreme Court, or a petition for certiorari in the

2    United States Supreme Court, petitioner's filing in this court is premature.

3           If petitioner intends to pursue habeas relief in the state courts, he should file his petition in

4    the Butte County Superior Court as soon as possible.  Petitioner may seek appointment of counsel

5    in the Butte County Superior Court at that time.  Petitioner is cautioned that the habeas corpus

6    statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in

7    federal court.  In most cases, the one year period will start to run on the date on which the state

8    court judgment became final by the conclusion of direct review or the expiration of time for

9    seeking direct review, although the statute of limitations is tolled while a properly filed

10   application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

11          In light of the above, it appears that petitioner has not yet exhausted his state court

12   remedies.  Accordingly, petitioner is ordered to show cause why this action should not be

13   dismissed based on his failure to exhaust state court remedies.

14          Petitioner has requested the appointment of counsel.  There currently exists no absolute

15   right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460

16   (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage

17   of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.

18   Because petitioner's state proceedings are unclear, and petitioner did not identify the grounds

19   upon which he seeks relief, the court is unable to determine whether appointment of counsel is

20   appropriate at this time.  Moreover, petitioner should seek appointment of counsel from the state

21   court to complete exhaustion of his state court remedies.  Therefore, the court does not find that

22   the interests of justice would be served by the appointment of counsel at the present time.

23          Therefore, IT IS HEREBY ORDERED that:

24          1.  Petitioner is granted leave to proceed in forma pauperis (ECF No. 2);

25          2.  Petitioner's motion for appointment of counsel (ECF No. 3) is denied without

26   prejudice; and

27   ////

28   ////

3

1      3.  Petitioner's application for writ of habeas corpus is dismissed, and petitioner is

2  directed to show cause, within thirty days, why this action should not be dismissed based on

3  petitioner's failure to first exhaust his state court remedies.  Failure to respond to this order will

4  result in dismissal of this action.

5  Dated:  January 2, 2014

6

7  /hick2627.114

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28